**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**EVANSVILLE DIVISION**

| | | |
|---|---|---|
| **CORTLAND PACE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO.** |
| | ) | |
| **COUNTRYMARK REFINING & LOGISTICS, LLC,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. Plaintiff, Cortland Pace ("Pace"), by counsel, brings this action against Defendant, CountryMark Refining & Logistics, LLC ("Defendant") for violations of the Family and Medical Leave Act of 1993 ("FMLA"), as amended 29 U.S.C. §2601 *et seq.*, and the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et. seq.* ("ADA").

**II. PARTIES**

2. Pace is a resident of Posey County, Indiana, which is located within the geographical boundaries of the Southern District of Indiana.

3. Defendant maintains offices and routinely conducts business within the geographical boundaries of the Southern District of Indiana.

**III. JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 29 U.S.C. §2617(a)(2); and 42 U.S.C. § 12117.

5. Defendant is an "employer," as that term is defined by 29 U.S.C. §2611(4), and 42 U.S.C. § 12111(5)(A).

6. Pace was an "employee," as that term is defined by 29 U.S.C. §2611(3), and 42 U.S.C.§ 12111(4),

7. At all relevant times, Pace was an individual with a "disability," as that term is defined under 42 U.S.C.§ 12102. The Defendant was aware of Pace's disability, regarded Pace as disabled, and/or had a written record of Pace's disability.

9. At all relevant times, Pace was an "eligible employee," as that term is defined by 29 U.S.C. §2611(2)

10. Pace satisfied his obligation to exhaust his administrative remedies, having timely filed a Charge of Discrimination (Charge No.470-2025-03616) with the U.S. Equal Employment Opportunity Commission ("EEOC") against the Defendants alleging discrimination based on his age and disability. Pace received the required Notice of Suit Right to Sue and timely files this action.

11. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, the venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

12. On or around June 15, 2021, Pace began working with Defendant, and his last held position was as an Refinery Operator.

13. At all relevant times, Pace met or exceeded Defendant's legitimate performance expectations.

14. Pace is disabled as that term is defined by the ADAAA and/or Pace had a record of being disabled and/or Defendant regarded Pace as disabled. Defendant was aware of Pace's disability. Pace could perform the essential functions of his position with or without an accommodation.

15. In mid-October 2024, Pace was put on a new prescription by his treating provider for treatment of his serious health condition/disability.

16. On or around October 30, 2024, Pace's mother requested FMLA leave for him.

17. Defendant provided the FMLA certification paperwork and Pace was in the process of having his paperwork completed. When Pace's mother reached out to his supervisor, Andy Grabert, she was told Pace was covered for upcoming shifts. However, while the FMLA paperwork remained pending, Defendant claimed that Pace did not call in for his shifts on November 1, 2, or 3rd despite Grabert informing Pace's mother that he was covered

18. On or around November 6, 2024, Defendant terminated Pace's employment.

19. Defendant's reason for termination is pretext for discrimination on the basis of Pace's disability and/or retaliation for requesting FMLA leave.

## V. CAUSES OF ACTION

### COUNT I: ADA - DISABILITY DISCRIMINATION

20. Pace hereby incorporates paragraphs one (1) through nineteen (19) of his Complaint as if the same were set forth at length herein.

21. Pace suffers from a serious health condition that qualified as a disability. Defendant was aware of Pace's disability and/or regarded him as a disabled individual.

22. Defendant discriminated against Pace by terminating his employment on the basis of his disability.

23. Defendant's actions were intentional, willful, and taken in reckless disregard of Pace's rights as protected by ADA.

24. Pace has suffered damages as a result of Defendant's unlawful actions.

**COUNT II: FMLA – INTERFERENCE**

25. Pace hereby incorporates paragraphs one (1) through twenty-four (24) of his Complaint as if the same were set forth at length herein.

28. Pace attempted to utilize protected leave as he was entitled to under the FMLA. Defendant knew of this attempt and/or has written record of Pace's attempt.

29. Defendant unlawfully interfered with Pace's rights under the FMLA by failing/refusing to allow Pace to utilize leave he was entitled to.

30. Defendant unlawfully interfered with Pace's rights under the FMLA by using his attempt to utilize FMLA leave as a negative factor in Defendant's employment decisions, including, but not limited to, termination.

31. Defendant's unlawful actions were intentional, willful, and in reckless disregard of Pace's rights as protected by the FMLA.

32. Pace has suffered damages as a result of Defendant's unlawful actions.

**COUNT III: FMLA –RETALIATION**

33. Pace hereby incorporates paragraphs one (1) through thirty-two (32) of his Complaint as if the same were set forth at length herein.

34. Pace attempted to exercise a need for protected leave, and Defendant retaliated against Pace by terminating his employment.

35. Defendant unlawfully retaliated against Pace for his request to use leave that qualified for protection under the FMLA.

36. Defendant's actions were intentional, willful, and in reckless disregard of Pace's rights as protected by the FMLA.

37. Pace has suffered damage as a result of Defendant's unlawful actions.

## COUNT IV: ADA - DISABILITY RETALIATION

38. Pace hereby incorporates paragraphs one (1) through thirty-seven (37) of his Complaint as if the same were set forth at length herein.

39. Pace suffers from a disability.

40. Defendant retaliated against Pace for his disability by failing to accommodate his reasonable requests for accommodation, failing to engage in the interactive process, and terminating his employment.

41. Defendant's actions were intentional, willful, and taken in reckless disregard of Pace's rights as protected by ADA.

42. Pace has suffered damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Cortland Pace, respectfully requests that this court enter judgment in his favor and award him the following relief:

1. Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against an employee based on their age, disability, and/or association with an individual with a disability;

2. Reinstate Plaintiff to the position, salary, and seniority level he would have enjoyed but for Defendant's unlawful employment actions, or award her front pay in lieu thereof;

3. Award Plaintiff all wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

4. Award Plaintiff compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

5. Award Plaintiff compensatory damages for violations of the ADA;

6. Award Plaintiff punitive damages for Defendants' violations of the ADA;

7. Award Plaintiff liquidated damages for Defendant's violations of the FMLA;

8. Award Plaintiff all costs and attorney's fees incurred as a result of bringing this action;

9. Award Plaintiff pre- and post-judgment interest on all sums recoverable; and

10. Award Plaintiff all other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC
By: *_/s/ Lauren E. Berger_*_________________
Lauren E. Berger

411 Main Street
Evansville, IN 47708
Phone: (812) 424-1000
Email: lberger@bdlegal.com

*Counsel for Plaintiff, Cortland Pace*

**DEMAND FOR JURY TRIAL**

Plaintiff, Cortland Pace, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC
By: *<u>/s/ Lauren E. Berger</u>*________________
Lauren E. Berger
411 Main Street
Evansville, IN 47708
Phone: (812) 424-1000
Email: lberger@bdlegal.com

*Counsel for Plaintiff, Cortland Pace*